IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT TAYLOR, AIS #130155,       :

    Plaintiff,                    :

vs.                               :   CIVIL ACTION 17-0253-CG-M

CHARLES A. GRADDICK, *et al.*,    :

    Defendants.                   :


REPORT AND RECOMMENDATION


Plaintiff Robert Taylor, an Alabama prison inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees.[1] (Docs. 1, 2). Upon review of the Complaint and Taylor's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Taylor is barred from proceeding *in forma pauperis* and did not pay the filing fee at the time he filed this action.

I.  Section 1915(g) and Taylor's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a
> civil action or appeal a judgment in a civil
> action or proceeding under this section [28
> U.S.C. § 1915] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

Because Taylor sought leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets the Court discovered that Taylor has had three actions dismissed for one of the foregoing reasons, namely, *Taylor v. Hale*, CA 15-0465-KD-C (S.D. Ala.

2

2015) (dismissed for failure to state a claim); *Taylor v. Robinson*, CA 06-0590-KOB-RRA (N.D. Ala. 2006) (dismissed as frivolous and for failure to state a claim); and *Taylor v. FBI (Montgomery),* CA 07-0671-WKW-WC (M.D. Ala. 2007) (dismissed pursuant to § 1915(e)(2)(B)(i) (frivolous) and (iii) (seeking damages from a person entitled to immunity from damages)).[2]

II.   Section 1915(g)'s Exception.

      A.   Applicable Law.

      Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Taylor must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury."  *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury

---

[2] In reviewing Taylor's litigation history in PACER (Public Access to Court Electronic Records), the Court discovered twenty-six § 1983 actions filed by him under the name Robert Taylor or Robert Mate Taylor.  In addition, another action of his was dismissed as frivolous and/or for failure to state a claim, *Taylor v. Robinson,* CA 08-0311-SLB-RRA (N.D. Ala. 2008)(the Southern District dismissed the third and fourth complaints for failure to prosecute and transferred the first and second complaints to the Northern District, which dismissed them as frivolous and/or for failure to state a claim).  *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.).

must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.). Taylor has not done this.

B. <u>The Complaints</u>. (Docs. 2, 4).

This action contains two Complaints, the first Complaint is against Mobile Circuit Court Judge Charles A. Graddick (Doc. 2 at 5), and second Complaint is against Daniels Wells, an investigator with Integrity Investigations, LLC, and Lee Hall, Jr., Plaintiff's criminal defense counsel. (Doc. 4 at 5). In both Complaints, the relief sought is release and damages for what has been done to him. (Docs. 2 at 8, 4 at 7).

4

The combined allegations from these Complaints reflect that Taylor wants the trial court to make a better decision in his criminal cases for attempted murder and first-degree arson. (Doc. 2 at 6). He believes his case should have taken longer than one day, (*id.* at 4), and complains the victim was absent at the trial. (Docs. 2 at 4, 4 at 4). The victim, however, was said to be on life-support, but it was also said that he was sent to a halfway house in Robertsdale, Alabama. (Doc. 2 at 6). The victim's mother was there and testified that the house burned down, but the picture showed only the door burned. (Doc. 2 at 6). Nonetheless, he was charged with and convicted of attempted murder and first-degree arson. (*Id.*).

In addition, Taylor's attorney did not speak up for him despite the following occurrences. (*Id.*). It was said that Taylor was drinking three Keystone beers that he had bought from the store at the time of the offense. (*Id.*). His mental health records from the jail, Bullock, and the hospital (juvenile) were obtained before he was prosecuted and were used against him in court and before the federal grand jury. (Docs. 2 at 4, 6; 4 at 4). His doctor testified falsely. (Doc. 4 at 5). The investigator gave incorrect information and lied "like he was a doctor." (*Id.*).[3]

---

[3] Attached to the first Complaint is a letter from the

5

C.   <u>Analysis</u>.

Pursuant to § 1915(g), the Court must examine Taylor's allegations to determine if at the time of the Complaint's filing, he was in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  The Court received the first Complaint in this action on June 5, 2017, even though Taylor signed it on May 19, 2017.  (Doc. 2 at 8).  Thus, Taylor's allegations must show that he was in imminent danger of serious physical injury on or about May 19, 2017.  *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (finding the date the inmate signs the complaint is the date of filing, absent evidence to the contrary in the form of prison logs or other records).

In his Complaints, Taylor is complaining about proceedings that led to his convictions for attempted murder and first-degree arson.  He states his convictions occurred on January 2, 2013 (doc. 2 at 7) and on October 14, 2015 (doc. 4 at 6), and he received a sentence of life without the possibility of parole in each instance.  (Docs. 2 at 7, 4 at 6).  Neither date of conviction can be said to be near the date when he filed his first Complaint in this action on May 19, 2017, or the subsequently filed second Complaint.  Nor do his allegations in either Complaint describe a serious physical injury, much less

---

investigator dated July, 2016.  (Doc. 2-1).

an injury that is imminent.  Thus, the Court concludes that Taylor has not carried his burden of showing that he was in imminent danger of serious physical injury at the time the first Complaint was filed.

III.  Conclusion.

Because Taylor cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, this action is due to be dismissed without prejudice.  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of July, 2017.

s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE